# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

IN RE:
MARTIN CHRISTOPHER MAXEY
    Debtor

Case No.: 22-60288-RBC

Chapter 13

Address:    928 Penlan Road
Arvonia, VA 23004-2101

---

## NOTICE OF OBJECTION AND NOTICE OF HEARING

Lendmark Financial Services ("Movant"), by and through its counsel, has filed papers with the court objecting to Confirmation of the Automatic Stay in the above captioned matter.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the objection, or if you want the court to consider your views on the objection, then you or your attorney must:

• Attend the confirmation hearing scheduled to be held on **May 26, 2022, at 9:30 AM, with Judge Connelly, all parties to connect using video conference instructions on the court website**.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Nathaniel A. Scaggs, VSB# 77286
Hill & Rainey, Attorneys
2425 Boulevard, Suite 9
Colonial Heights, VA 23834
(804) 526-8300
*Attorney for Movant*

Dated: May 16, 2022

Respectfully Submitted,
Hill & Rainey, Attorneys

/s/*Nathaniel A. Scaggs*
Nathaniel A. Scaggs, VSB 77286
Hill & Rainey, Attorneys
2425 Boulevard, Suite 9
Colonial Heights, VA 23834
(804) 526-8300 (phone)
(804) 526-2872 (facsimile)
Bankruptcy@hillrainey.com
Attorney for Movant

## CERTIFICATE OF SERVICE

I certify that on this 16th day of May, 2022, the following person(s) were or will be served with a copy of the foregoing Notice of Objection and Notice of Hearing electronically via the CM/ECF system or by first class mail, postage prepaid:

Martin Christopher Maxey
928 Penlan Road
Arvonia, VA 23004-2101

William Harville, Esquire
William Harville Attorney at Law
327 W. Main St.
Charlottesville, VA 22903-5551

Herbert L. Beskin, Trustee
123 E. Main St., Suite 310
Charlottesville, VA 22902-6800

/s/ *Nathaniel A. Scaggs*
Nathaniel A. Scaggs

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

IN RE:
MARTIN CHRISTOPHER MAXEY                    Case No.: 22-60288-RBC
    Debtor

                                                                                               Chapter 13

Address:    928 Penlan Road
                 Arvonia, VA 23004-2101

---

## OBJECTION TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN

    COMES NOW, Lendmark Financial Services ("Creditor"), by undersigned counsel, and hereby files this Objection to Confirmation of Debtor's Proposed Chapter 13 Plan, and in support thereof respectfully states as follows:

    1.    On or about March 24, 2022, Martin Christopher Maxey (the "Debtor(s)") filed a Voluntary Petition in this Court under Chapter 13 of the United States Bankruptcy Code.

    2.    Herbert L. Beskin is the Trustee of the Debtor estate.

    3.    Creditor is the beneficiary of a Combination Statement of Transaction, Promissory Note and Security Agreement executed by Martin Christopher Maxey on May 25, 2018 in the original financing amount $9,434.40 (the "Note").

    4.    The Note was used to finance a 2002 Mercedes Benz S500 VIN No.: WDBNG75J92A246911 and is secured in the amount of $5,886.77 in this case.

    5.    On or about April 7, 2022 the Debtor filed a proposed Chapter 13 Plan that "crams down" the value of collateral for this vehicle to $3,800.00 when the NADA value is at a retail value of $5,725.00.

    6.    Creditor filed a timely Proof of Claim on May 4, 2022 as Claim 4 in the amount of $5,886.77.

    7.    The Debtor's proposed Chapter 13 plan does not comply with the provisions of Section 1325(a)(5) of the Bankruptcy Code.

    WHEREFORE, the Movant prays this Honorable Court:

    1. Enter an order DENYING confirmation of the Debtor's Chapter 13 Plan; and

2. Require the Debtor to amend the Chapter 13 Plan within an imposed deadline to reflect proper treatment of the claim; and

3. Grant such other and further relief as necessary.

Dated: May 16, 2022

Respectfully Submitted,
Hill & Rainey, Attorneys

/s/ Nathaniel A. Scaggs
Nathaniel A. Scaggs, VSB #77286
Hill & Rainey, Attorneys
2425 Boulevard, Suite 9
Colonial Heights, VA 23834
(804) 526-8300 (phone)
(804) 526-2872 (facsimile)
bankruptcy@hillrainey.com
Attorney for Movant

## CERTIFICATE OF SERVICE

I certify that on this 16th day of May, 2022, the following person(s) were or will be served with a copy of the foregoing Objection to Confirmation of Debtors Proposed Chapter 13 Plan electronically via the CM/ECF system or by first class mail, postage prepaid:

Martin Christopher Maxey
928 Penlan Road
Arvonia, VA 23004-2101

William Harville, Esquire
William Harville Attorney at Law
327 W. Main St.
Charlottesville, VA 22903-5551

Herbert L. Beskin, Trustee
123 E. Main St., Suite 310
Charlottesville, VA 22902-6800

/s/Nathaniel A. Scaggs
Nathaniel A. Scaggs

## COMBINATION STATEMENT OF TRANSACTION, PROMISSORY NOTE & SECURITY AGREEMENT

The words *I, me, my, mine, we* and *us* refer to the borrower(s) who sign this Combination Statement of Transaction, Promissory Note and Security Agreement ("note"). *You, your* and *yours* refer to Lendmark Financial Services, LLC. If more than 1 borrower signs, each will be responsible for all promises made and for repaying the loan in full and you may sue any of us.

The Amount Financed shown below, plus the Loan Fee shown below, together with interest thereon is payable in successive monthly installments and the number and amount of said installments are set forth below. The first of said installments is payable on the 1st Due Date shown below and each subsequent installment on the same day of each succeeding month thereafter, the final installment being due and payable on the Final Due Date shown below. Each installment shall be as shown below if said loan is paid according to the terms hereof; otherwise, the final installment shall be equal to the unpaid principal plus interest accrued at the time said final installment is paid. The FINANCE CHARGE begins to accrue on the date of the loan.

The sum of the monthly installments is shown below as Total of Payments.

LENDER: Lendmark Financial Services, LLC.
THE SOUTHGATE CENTER
907 S MAIN ST STE 9
FARMVILLE, VA 23901

ACCOUNT NO

Borrower(s)/Debtor(s): Martin Maxey
Address for Borrower(s): 928 PENLAN RD, ARVONIA, VA, 23004

| Date of Loan | First Due Date | OTHER PAYMENTS DUE SAME DAY EACH MONTH | Final Due Date | First Payment | Other Payments | Number of Monthly Payments |
|---|---|---|---|---|---|---|
| 05/25/2018 | 07/01/2018 | | 06/01/2023 | 405.68 | 340.89 | 60 |

### ITEMIZATION OF THE AMOUNT FINANCED

Amount Given to Me Directly
1. $500.00
2. $199.95

Amount Paid on My Prior Account
3. $7,711.26

Amount Paid to Others on My Behalf
4. $0.00   To Allied Solutions, LLC. for GAP Debt cancellation contract*
5. $170.29   To Insurance Company for Life Ins.*
6. $591.10   To Insurance Company for Accident & Health Ins.*
7. $261.80   To Insurance Company for Involuntary Unemployment Ins.*
8. $0.00   To Insurance Company for Vehicle Single Interest Ins.*
9. $0.00   To Public Official for Recording Fees
10. $0.00   To Public Official for Lic/Title/Reg Fees
11. $0.00   Sum of Additional Amounts Paid to Others
12. $9,434.40   Amount Financed (Sum of 1-11)

Additional Amounts Paid To Others
(a) ___ To ___
(b) ___ To ___
(c) ___ To ___
(d) ___ To ___
(e) ___ To ___
(f) ___ To ___
(g) ___ To ___
(h) ___ To ___
(i) ___ To ___
(j) ___ To ___

$90.69   Prepaid Finance Charge (Processing Fee)

*Lender may retain a portion of these amounts.

**PROMISE TO PAY:** I promise to pay you the principal amount of the loan, which consists of the Amount Financed plus the Processing Fee shown above (Principal), plus interest at the annual simple interest rate of 35.47% (Interest Rate) on the unpaid Principal balance from time to time in monthly payments as scheduled above, beginning on the first payment due date and then on the same date of each following month until fully paid. Each payment will be applied first to late charges, then to the interest and then to the Principal. Interest shall accrue at the Interest Rate on any judgment you get against me. If the first payment is due on the last day of the month, all monthly payments will be due on the last day of the respective month.

**INTEREST AFTER MATURITY:** After the final payment due date, or if you declare the loan due, I agree to pay interest on the unpaid Principal at the Interest Rate until six months after the final payment due date (as originally scheduled or deferred.) After the expiration of said six month period of time, you will be charged interest at 6% per year on the unpaid Principal. No other charges shall be computed or collected.

**INTEREST IN BANKRUPTCY:** If this loan is properly scheduled in a bankruptcy proceeding, beginning 90 days after the date of adjudication, interest shall accrue on the unpaid Principal at the rate of 6% per year. This limitation shall not apply in the following instances: In a co-borrower who is not currently in bankruptcy when I am not entitled to a discharge, or if this loan is not dischargeable in my bankruptcy case. For the purposes of this paragraph, "adjudication" means the date of commencement of a voluntary case on the date of entry of the order for relief in an involuntary case under the United States Bankruptcy code.

**INTEREST AFTER DEATH:** After 90 days from the date I die, no other charges other than interest at 6% per year shall be computed or collected upon the unpaid Principal of the loan.

**PREPAYMENT:** I may prepay this note at any time without penalty. If I make a partial prepayment, you will apply the payment against the unpaid balance and I will still be required to make each scheduled monthly payment until the entire balance is paid. However if I am in default you will first apply a partial prepayment to any late installment until the loan is brought current. The Loan Fee is earned at the time the loan is made and will not be refunded.

**LATE CHARGE:** If I do not pay an installment within 7 days after its scheduled or deferred due date, I agree to pay a late charge of 5% of the installment. Only 1 charge shall be charged on any installment or part of an installment. For the purpose of computing late charges, all payments by me shall be applied to scheduled payments in the order they become due. The late charge will be in addition to daily accrued interest.

**BAD CHECK FEE:** Each time I make any scheduled monthly payment with a check that is dishonored because I have no account or there are insufficient funds in my account, you may collect from me a $15.00 bad check fee.

**DEFAULT:** I'll be in default, if (1) I do not make a payment within 10 days after it is due; (2) I am (or any other person puts me) in bankruptcy, insolvency or receivership; (3) I make any statement or provide any financial information that is untrue or inaccurate in order to obtain this loan; (4) I do not fulfill any other promise I have made to you in this note; (5) I cause you to have a reasonable belief that the prospect of payment, performance or realization of collateral is significantly impaired; or (6) I die.

**EFFECTS OF DEFAULT:** In addition to any other remedies available to you under this note, when I am in default, you may require me to pay the unpaid balance of my loan and all accrued unpaid charges at once. If this loan is secured, you also have all rights of a secured party under Virginia law. If this note is placed in the hands of an attorney not your salaried employee for collection, you may recover your attorney fees not to exceed 15% of the amount due and payable on the loan. You may also recover any court costs incurred by you in attempting to collect on this loan.

**SECURITY AGREEMENT:** I grant to you a security interest in the property described below (where checked or completed) and all parts, accessories, and equipment now on or later added to the property and all proceeds of the property, all of which is called the "Property." See page 2 for additional terms of this security agreement. You waive (give up) any right you may have (now or later) to consider collateral I have given you for another obligation as collateral for this note unless it is described in this note.

If this box is checked, ☐ _____ sign(s) this note solely for the purpose of granting you a security interest in the Property and being bound by the provisions of this note insofar as they relate to the Property, but shall not be obligated to you under this note for the payment of any monies including, without limitation, the Total of Payments and the monthly installment payments.

☒ (a) Motor Vehicle or Manufactured Home:

| YEAR | MAKE | MODEL | BODY TYPE | SERIAL NO. / IDENTIFICATION |
|---|---|---|---|---|
| 2002 | MERCEDES-BENZ | S Class | Sedan 4D S500 | WDBNG75J92A245911 |
| | | | | |
| | | | | |

☐ (b) Consumer Goods: See "Personal Property List" which is incorporated herein by reference thereto.
☐ (c) Other (describe): ___

I received a completely filled in copy of this note before I signed it. I understand that this note on page 1 and page 2 together with the Federal Disclosure Statement contains my entire agreement with you which cannot be changed except in writing signed by you. I request you make the disbursements listed above.

EXECUTED IN THE PRESENCE OF:   WITNESS THE HANDS AND SEALS OF THE BORROWERS THE DATE ABOVE WRITTEN.

_____ Witness   _____ Borrower/Debtor (SEAL)

_____ Borrower/Debtor (SEAL)

_____ Borrower/Debtor (SEAL)

_____ Borrower/Debtor (SEAL)

VA NOTE & DISC/REV 01/17    Page 1 of 3

# COMMONWEALTH OF VIRGINIA
## DEPARTMENT OF MOTOR VEHICLES

### CERTIFICATE OF TITLE FOR A VEHICLE
KEEP IN SAFE PLACE. ANY ALTERATION OR ERASURE VOIDS THIS TITLE

THE DEPARTMENT OF MOTOR VEHICLES, COMMONWEALTH OF VIRGINIA, HEREBY CERTIFIES THAT AN APPLICATION FOR A CERTIFICATE OF TITLE HAS BEEN MADE FOR THE VEHICLE DESCRIBED HEREON PURSUANT TO THE PROVISIONS OF THE MOTOR VEHICLE LAWS OF THIS COMMONWEALTH, THAT THE APPLICANT NAMED ON THE FACE HEREON HAS BEEN DULY RECORDED AS THE LAWFUL OWNER OF SAID VEHICLE, AND THAT, FROM THE STATEMENTS OF THE OWNER AND THE RECORDS ON FILE WITH THIS DEPARTMENT, THE HEREON DESCRIBED VEHICLE IS SUBJECT TO THE SECURITY INTEREST RECORDS ON FILE WITH THIS DEPARTMENT, AND AS DESCRIBED HEREON, IF ANY. THE MOTOR VEHICLE LAWS OF THIS COMMONWEALTH ALSO PROVIDE THAT ALL TITLE AND REGISTRATION INFORMATION IN THE OFFICE OF THE DEPARTMENT OF MOTOR VEHICLES IS PRIVILEGED AND ONLY SUBJECT TO DISSEMINATION TO AUTHORIZED AGENCIES, BUSINESS ORGANIZATIONS OR AGENTS, GOVERNMENTAL ENTITIES AND INDIVIDUALS UNDER THE CONDITIONS SPECIFIED BY MOTOR VEHICLE CODE SECTIONS 46.2-208, 46.2-209 AND 46.2-210.

ESTABLISHED 02/12/16 294 LEF06 ORIGINAL

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | VEHICLE BODY | TITLE NO. |
|---|---|---|---|---|
| WDBNG75J92A246911 | 2002 | MERCEDES-B | 4D SDN | 74026299 |

| EMPTY WGT | GROSS WGT | GVWR | GCWR | AXLES | FUEL | SALES TAX PAID | ODOMETER | DATE ISSUED |
|---|---|---|---|---|---|---|---|---|
| 4000 | | | | 2 | GAS | 204.80 | *232075* | 06/12/18 |

| OTHER PERTINENT DATA | ODOMETER BRAND | PRIOR TITLE NO. |
|---|---|---|
| IND | ACTUAL | 59427002 |

Lienholder name(s) and address(es):
LENDMARK FINANCIAL SERVICES
2118 USHER STREET
COVINGTON GA 30014

THIS IS NOT A TITLE NUMBER
636 124 05

INTEREST IN THE ABOVE DESCRIBED VEHICLE IS HEREBY RELEASED
LIEN RELEASE By ___
TITLE ___ DATE ___

Name(s) and address(es) of vehicle owners:
MAXEY, MARTIN CHRISTOPHER
928 PENLAN RD
ARVONIA VA 23004-2101

---

**A** — ASSIGNMENT OF TITLE BY OWNER • NOTIFY DMV WHEN VEHICLE IS SOLD

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. The undersigned hereby certifies that the vehicle described in this title has been transferred to the following (printed name and address of Buyer(s)):

Buyer(s) Name ___
Street ___ City, State, Zip ___

I certify to the best of my knowledge that the odometer reading is: ☐ ACTUAL Mileage ☐ NOT ACTUAL Mileage (odometer discrepancy) ☐ IN EXCESS of Mechanical Limits ☐ Model year is 10 years or older and was exempt from odometer disclosure in prior state of title (applicant must present out-of-state title showing exemption)

DATE OF SALE ___
SALE PRICE ___

ODOMETER READING (No Tenths) ___
Signature of Seller(s) ___ Printed Name of Seller(s) ___
Signature of Buyer(s) ___ Printed Name of Buyer(s) ___
I am aware of the above odometer certification made by the Seller(s)
VSA 43 I am aware of the above odometer certification made by the Seller(s)
Dealer's No. ___ Licensing Jurisdiction ___

---

LENDMARK FINANCIAL SERVICES
C/O LENDMARK
907 MAIN STREET
FARMVILLE VA 23901



8 4 15



NADAguides.com is becoming part of JDPower.com. Learn more.



⌂ > Car Pricing > Change Make > Change Year & Model > Change ZIP > Price with Options > Values

⇄ CHANGE CAR    ⊕ COMPARE

# 2002 Mercedes-Benz S500 Prices and Values
## 4 Door Sedan

**VALUES**  SPECIAL NOTES

## Values

|  | Original MSRP | Low Retail | Average Retail | High Retail |
|---|---|---|---|---|
| Base Price | $80,200 | $4,050 | $5,725 | $9,300 |
| Options (Add) |  |  |  |  |
| **Total Price** | **$80,200** | **$4,050** | **$5,725** | **$9,300** |